FILED

George Balis, Trustee of
GBMEK FAMILY TRUST
259 W. Marquita
San Clemente, CA 92672
(949) 702-0850

2013 MAR 20 PM 3:35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No.: SACV13-00459 AG (JPRx)

GEORGE BALIS, TRUSTEE OF GBMEK FAMILY TRUST,

    Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, INC.;
THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK;
JOHN DOE(S)(1-5) SELECT PORTFOLIO SERVICING, INC; and
JOHN DOES (6-10) THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK,

    Defendant(s).

COMPLAINT FOR DECLARATORY JUDGMENT

TRIAL BY JURY DEMANDED

    **COMES NOW**, the PLAINTIFF, George Balis, Trustee of GBMEK FAMILY TRUST, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

    This is a civil action whereby Plaintiff seeks Declaratory Judgment, Preliminary and Permanent Injunctive Relief enjoining Defendants, SELECT PORTFOLIO SERVICING, Inc., (hereafter "SPS"); JOHN DOE(S) 1 - 5 employees of SELECT PORTFOLIO SERVICING, Inc., THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK; JOHN DOE(S) 6 - 10 employees of THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit

COMPLAINT      Page 1

Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the California Fair Debt Collection Practices Act (§ 1788 et. Seq. (hereafter "CFDCPA")), and the California Deceptive Trade Practices Act (Bus. & Prof. § 17500 et seq. (hereafter "CDTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

**JURISDICTION AND VENUE**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper, because many of the relevant events occurred within Orange County in the State of California, which is located within this District.

3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

4. This is an action brought by GBMEK FAMILY TRUST for violations of the above named Acts in connection with a purported debt defendants' alleged Plaintiff owed which defendants' attempted to collect, but refused to validate after having been provided written correspondence requesting defendants' validate said alleged debt. Said debt is disputed by plaintiff and defendants' continue to attempt to collect said alleged debt after having received a request defendants' validate said alleged debt. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

**PARTIES**

5. The Plaintiff is an irrevocable family trust within Orange County, in California.

6. The Defendant Select Portfolio Servicing, Inc., (hereafter referred to as "SPS") at all times relevant to this complaint uses instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another.

7. Plaintiff__ is__ ignorant of the true names and capacities of defendants sued herein as DOES 1 through 5, inclusive, and therefore sues__ these defendants by such fictitious names. Plaintiff__ will amend this complaint to allege their true names and capacities when ascertained. The Defendant(s) John Doe(s) (1-5) were employees of Select Portfolio Servicing, Inc., during the period extending from October 10, 2012 through February 2013, and acted as the duly authorized agents for their employers using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another.

8. The Defendant, The Bank of New York Mellon f/k/a The Bank of New York (hereafter referred to as "The Bank of New York") is a global investment company providing investment management and investment services and is a business that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.

9. Plaintiff__ is__ ignorant of the true names and capacities of defendants sued herein as DOES 6 through 10, inclusive, and therefore sues__ these defendants by such fictitious names. Plaintiff__ will amend this complaint to allege their true names and capacities when ascertained. The Defendant(s) John Doe(s) 6 - 10 were employees of The Bank of New York Mellon during the period extending from October 10, 2012 through February 2013, and acted as the duly authorized agents for their employers using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another.

10. All Defendants are considered a "person", under California Corporations Code 28043.

FACTS

11. The GBMEK Family Trust was created in the State of California on January 12, 2012 by and between Mary Elaine Kinn and George Balis, husband and wife.

12. Mary Elaine Kinn, 93 years of age, A Widow, Borrower, on January 25, 2007 signed a Promissory Note and Deed of Trust to receive a no income stated loan from the Lender America's Wholesale Lender in the amount of $3,500,000 under Loan Number # 156526022. The Deed of Trust identifying Mary Elaine Kinn as the Borrower, America's Wholesale Lender as the Lender, The Mortgage Electronic Registration Systems, Inc., (MERS) as the Beneficiary, Recontrust Company NA as Trustee and BAC Home Loan Servicing, LP as Mortgage Servicer was recorded in the Official Records, Orange County, California under Document Number: 2007000065541 on January 31, 2007. Exhibit 1, Copy of Deed of Trust.

13. On August 30, 2007, Mary Elaine Kinn, married George Balis in Las Vegas, Nevada. Exhibit 2, Copy of Marriage License.

14. On 11/1/2007 Alternative Loan Trust 2007-OA11 Prospectus Form 424B5 referring to CWALT, Inc. as the Depositor, Countrywide Home Loans, Inc. as Seller, and Countrywide Home Loans Servicing, LP as Master Servicer was filed. Exhibit 3, Prospectus link: http://www.secinfo.com/d12TC3ulx4g.htm

15. Alternative Loan Trust 2007-OA11 was established under a Pooling and Servicing Agreement dated 10/01/2007 by CWALT, Inc. as Depositor, Countrywide Home Loans, Inc. as Seller, Countrywide Home Loans Servicing, LP as Master Servicer, and the Bank of New York as Trustee. Exhibit 4, Pooling and Servicing Agreement link: http://www.secinfo.comdrjtj-u6rd.d.htm

16. As provided for on page 51 of the Pooling and Servicing Agreement dated 11/27/2007. Pursuant to Section 2.02, Acceptance by Trustee of Mortgage Loans, Plaintiff's Promissory Note regarding Loan Number #156526022 is required to be in the physical possession of the Trustee.

17. The closing date for Alternative Loan Trust 2007-OA11 was 10/30/2007.

A Notice of Default and Election to Sell was dated 10/06/2009 and recorded 10/08/2009 as Document # 2009000532891 in the Official Records of Orange County, California by Recon Trust Company, NA as Agent for the Beneficiary By: LandSafe Title Corporation, as its Attorney in Fact.  Exhibit 5, Copy of Notice of Default and Election to Sell.

18. A Notice of Trustee's Sale was recorded 04/13/2010 as Document # 2010000171102 in the Official Records of Orange County, California by Recon Trust Company.  A sale date was set for 05/04/2010.  Exhibit 6, Copy of Notice of Trustee Sale.

19. The Trustee Sale scheduled for 05/04/2010 did not take place and was postponed.

20. Over three years after the closing date for Alternative Loan Trust 2007-OA11 had passed. The Corporate Assignment of the Deed of Trust dated 04/25/2011 and recorded 04/27/2011 was executed by Kevin Randolph of The Mortgage Electronic Registration System, Inc. (MERS) and recorded in the official records of Orange County, California transferring all beneficial interest in the Note to The Bank of New York Mellon fka The Bank of New York.  Exhibit 7, Copy of Corporation Assignment of Deed of Trust, 2011000230845.

21. It should be noted that on August 12, 2011 Kevin Randolph also signed a Substitution of Trustee as the Assistant Secretary of The Bank of New York Mellon fka The Bank of New York. Exhibit 8, Copy of Substitution of Trustee, 2011-29440.

22. On October 9, 2012 Mary Elaine Kinn passed away.  Exhibit 9, Copy of Death Certificate.

23. On October 24, 2012, GBMEK Family Trust received correspondence from Select Portfolio Servicing, Inc., addressed to Mary E. Kinn evidencing a new loan number 0014057368 which was unknown and foreign to plaintiff.  Plaintiff's original mortgage Loan Number is 156526022.  The correspondence stated that plaintiff owed $3,808,414.97 and that Federal Law gave plaintiff thirty (30) days to dispute the validity of the debt.  Exhibit 10, Copy of Bill from SPS dated 10/24/2012.  Because plaintiff did not recognize the name Select Portfolio Servicing, Inc., and plaintiff having been the victim of robo-signing of loan documents under Loan Number 156526022 elected to

1  dispute said debt, exercising plaintiff's rights under the Fair Debt Collection
2  Practices Act, 15 USC 1692 et seq., as well as the Rosenthal Consumer Protection Act
3  of California to have said debt validated.
4  24. Plaintiff timely sent a notice to Defendant Select Portfolio Servicing, Inc.
5  disputing the debt and provided Select Portfolio Servicing, Inc., with a Debt
6  Disclosure Statement to fill out and return. Exhibit 11, Copy of Letter Disputing Debt
7  and Requesting Validation and Debt Disclosure Statement.  Exhibit 12, Copy of
8  Affidavit of Service.
9  25. Defendant received said Debt Disclosure Statement, by Certified  Mail delivery, #
10 7010 2780 0003 3480 0108, from the Plaintiff for Defendant's attention.  Exhibit 13,
11 Copy of Green Card USPS #7010 2780 0003 3480 0108.
12 26. November 9, 2012, Select Portfolio Servicing, Inc. responded, "Select Portfolio
13 Servicing, Inc. (SPS) the mortgage servicer on the above referenced account
14 acknowledges your request for note holder information on your account.  This
15 information is provided below:
16      Bank of New York Mellon, f/k/a/ The Bank of New York, as Trustee, on behalf of
17 the registered holders of  Alternative Loan Trust 2007-OA11, Mortgage Pass-Through
18 Certificate Series 2007-OA11.
19 A mortgage servicer, SPS accepts monthly payments and administers the terms of
20 mortgage loans.  SPS does not originate or own mortgage loans." Exhibit 14, November
21 29, 2012 response from Select Portfolio Servicing, Inc.  Select Portfolio Servicing,
22 Inc., however, did not validate said alleged debt or answer plaintiff's Debt
23 Disclosure Statement.
24 27. On or about December 6th, 2012 as a direct and proximate cause of information
25 provided plaintiff by Select Portfolio Servicing, Inc., Plaintiff sent Defendant The
26 Bank of New York Mellon fka The Bank of New York correspondence by Certified Mail,
27 Return Receipt Requested, Article Number #7010 2780 0003 0108, via First Class Mail,
28 with postage fully prepaid, requesting Defendant, The Bank of New York Mellon fka The

Bank of New York validate said alleged debt pursuant to the authority of the Fair Debt Collection Practices Act, 15 USC § 1692g and applicable portions of Truth in Lending (Regulation Z), 12 CFR 226 and provided The Bank of New York Mellon a Debt Disclosure Statement to fill out and return. Exhibit 15, Copy of Letter disputing Debt requesting Validation.

28. On the 7th day of January 2013, with more than twenty (20) days having lapsed since Defendant The Bank of New York Mellon fka The Bank of New York receipt of Plaintiff's DEBT DISCLOSURE STATEMENT, Defendant, The Bank of New York Mellon fka The Bank of New York having not responded as instructed to the above stated DEBT DISCLOSURE STATEMENT as set forth pursuant to the authority of the Fair Debt Collection Practices Act, 15 USC § 1692g and applicable portions of Truth in Lending (Regulation Z), 12 CFR 226, Plaintiff sent Defendant a NOTICE OF FAULT AND OPPORTUNITY TO CURE, by certified mail delivery, # 7010 2780 0003 3480 3598. Exhibit 16, Copy of Notice of Fault and Opportunity to Cure. Exhibit 17, Copy of Affidavit of Service.

29. On the 14th day of January 2013, Defendant The Bank of New York Mellon fka The Bank of New York received Plaintiff's NOTICE OF FAULT AND OPPORTUNITY TO CURE. Exhibit 18, Copy of Green Card USPS #7010 2780 0003 3480 3598.

30. As of the 20th day of January 2013 Defendant having neither answered nor responded to Plaintiff's NOTICE OF FAULT AND OPPORTUNITY TO CURE and having not answered or responded to Plaintiff's request defendant answer the DEBT DISCLOSURE STATEMENT, plaintiff mailed defendant a NOTICE OF DEFAULT stating: "This failure to respond, and now default, is as an operation of law, Respondent's final admission and agreement to all statements and claims made by Affiant through tacit procuration pertaining to Affiant's DEBT DISCLOSURE STATEMENT as set forth pursuant to the authority of the Fair Debt Collection Practices Act, 15 USC § 1692g, applicable portions of Truth in Lending (Regulation Z), 12 CFR 226, and the whole matter is res judicata and stare decisis and Respondent is in estoppel by Respondent's failure to respond." Exhibit 19, Copy of Notice of Default.

31. Since requesting Select Portfolio Servicing, Inc. and The Bank of New York Mellon fka The Bank of New York validate said debt under Loan Number 0014057368, neither Select Portfolio Servicing, Inc., or The Bank of New York Mellon fka The Bank of New York have responded by filling out or answering the Debt Disclosure Statement as requested pursuant to the authority of the Fair Debt Collection Practices Act, 15 USC § 1692g, applicable portions of Truth in Lending (Regulation Z), 12 CFR 226. Defendant Select Portfolio Servicing, Inc., has continued to contact plaintiff on seven (7) different occasions by USPS First Class Mail attempting to collect said alleged debt without first validating said debt pursuant to the authority of the Fair Debt Collection Practices Act, 15 USC § 1692g, and the Rosenthal Fair Debt Collection Practices Act. Exhibit 20, Copy of January 15, 2012 collection letter #1; Exhibit 21, Copy of January 18, 2012 collection letter #2; Exhibit 22, January 23, 2012 collection letter #3; Exhibit 23, Copy of February 2, 2012 collection letter #4; Exhibit 24, Copy of February 12, 2013 collection letter #5; Exhibit 25, copy of February 25, 2013 collection letter #6; and Exhibit 26, Copy February 25, 2013 collection letter #7.

## COUNT 1- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. The allegations of paragraphs 1 through 31 of this Complaint are realleged and incorporated by reference.

33. The defendants Select Portfolio Servicing, Inc., and The Bank of New York Mellon fka The Bank of New York are debt collectors, as defined by 15 U.S.C. § 1692a(6).

34. The defendants Select Portfolio Servicing, Inc., and The Bank of New York Mellon fka The Bank of New York violated the FDCPA by:

35. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt.

36. Violations of § 1692e (8) communicating information which is known to be false

37. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

### COUNT 2- VIOLATIONS OF THE
### FAIR CREDIT REPORTING ACT

38. The allegations of paragraphs 1 through 31 of this Complaint are realleged and incorporated by reference.

39. Select Portfolio Servicing, Inc., regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

40. Select Portfolio Servicing, Inc. did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

41. Select Portfolio Servicing, Inc., failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

42. Select Portfolio Servicing, Inc., failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of Select Portfolio Servicing, Inc.

43. Select Portfolio Servicing, Inc., failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

44. Select Portfolio Servicing, Inc., failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

45. Select Portfolio Servicing, Inc., in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of Select Portfolio Servicing, Inc.

## COUNT 3- VIOLATIONS OF THE CALIFORNIA CONSUMER COLLECTION PRACTICES ACT

46. The allegations of paragraphs 1 through 31 of this Complaint are realleged and incorporated by reference.

47. Select Portfolio Servicing, Inc., violated California Civil Code § 1788 et seq. by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.

48. Select Portfolio Servicing, Inc., violated California Civil Code 1788 et seq. by disclosing to Equifax information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

49. The Defendants Select Portfolio Servicing, Inc., and The Bank of New York Mellon fka The Bank of New York violated California Civil Code § 1788 et seq. by disclosing to another information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

50. The Defendants each separately and individually violated California Civil Code § 1788 et seq. by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

51. The Defendants each separately and individually violated California Civil Code 1788 et seq. by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

### COUNT 4- VIOLATIONS OF THE CALIFORNIA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

52. The allegations of paragraphs 1 through 31 of this Complaint are realleged and incorporated by reference.

53. The actions stated herein and carried out by the defendants were violations of California State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by state statute § 17500 et seq.

54. Unfair and/or deceptive trade practices are a violation of the California Deceptive and Unfair Trade Practices Act pursuant to § 17500 et seq.

### COUNT 5- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. The allegations of paragraphs 1 through 31 of this Complaint are realleged and incorporated by reference.

56. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

57. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

REQUESTED RELIEF

**WHEREFORE**, the Plaintiff respectfully requests relief as follows:

(A) For declaratory judgment in Plaintiff's favor that defendants violated the Fair Debt Collection Practices Act, 15 USC § 1692g, the Rosenthal Fair Debt Collection Practices Act, Ca. Civ. Code § 1788 and applicable portions of Truth in Lending (Regulation Z), 12 CFR 226 by failing to validate an alleged debt and continuing to attempt to collect said debt without validation of the debt.

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the California Consumer Collection Practices Act, and the California Deceptive and Unfair Trade Practices Act.

(C) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

    1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

(D) For an order awarding actual damages in the following amount:

(E) For an order awarding statutory damages in the following amounts:

    1. Against Select Portfolio Servicing, Inc., for violations of the Fair Debt Collection Practices Act, in the amount of $7,000; for violations of the Fair Credit Reporting Act, in the amount of $3,000 for violations of the Rosenthal Fair Debt Collection Practices Act in the amount of $7,000.

(E) For an order awarding punitive damages as follows:

    1. Against The Bank of New York Mellon fka The Bank of New York, in the amount of $15,000.

    2. Against Select Portfolio Servicing, Inc., in the amount of $15,000.

    3. Against John Doe(s) 1-50 in the amount of $15,000.

    4. Against John Doe(s) 51-100 in the amount of $15,000.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

Dated this 18th day of March, 2013

*[signature: George Balis]*

George Balis, Trustee
GBMEK FAMILY TRUST
259 W. MARQUITA
SAN CLEMENTE, CA 92672
(949) 702-0850